UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTHANNA SHIRLEY et al., | CASE NO. 3:23-cv-05077-DGE |
| Plaintiff, | ORDER ON JOINT STATEMENT OF DISCOVERY DISPUTE (DKT. NO. 43) |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE et al., | |
| Defendant. | |

Before the Court is a Joint Statement of Discovery Dispute submitted by the Parties. (Dkt. No. 43.) The Court held a hearing on this matter on January 30, 2025. The discovery dispute concerns a Rule 30(b)(6) deposition notice issued by Plaintiff to Defendant Washington State Department of Fish and Wildlife ("WSDFW"). (*Id*.) Defendant "request[s] a protective order from Plaintiff's amended Rule 30(b)(6) deposition notice," which Defendant alleges is "overbroad, unduly burdensome, unsuitable for a Rule 30(b)(6) deposition, unreasonable for a witness or small group of witnesses to attempt to prepare, and disproportionate to the needs of the case." (Dkt. No. 43 at 2.) "Plaintiffs request enforcement of an agreed-to discovery plan,

ORDER ON JOINT STATEMENT OF DISCOVERY DISPUTE (DKT. NO. 43) - 1

1  timely document production, or an extension to take depositions, and also request a protective

2  order against depositions of Plaintiffs who have separately settled individual claims." (*Id*.)

3        Federal Rule of Civil Procedure 30(b)(6) provides that a deposition notice or subpoena

4  directed to an organization must "describe with reasonable particularity the matters for

5  examination." "Rule 30(b)(6) depositions, like all other discovery requests are subject to Fed. R.

6  Civ. P. 26's proportionality standards." *Luken v. Christensen Grp. Inc*., No. C16-5214 RBL,

7  2018 WL 1994121, *1 (W.D. Wash. Apr. 27, 2018). "While Fed. R. Civ. P. 26(b)(1) permits a

8  party to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's

9  claim or defense,' courts have limited discovery where the breadth of subjects and number of

10  topics identified in a 30(b)(6) deposition notice renders a responding party's efforts to designate

11  a knowledgeable person unworkable." *Id*. at *2 (citing *Apple Inc., v. Samsung Elec. Co*., Ltd.,

12  2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012)). "Courts have not hesitated to issue

13  protective orders when corporations are asked to respond to overly broad or unfocused Rule

14  30(b)(6) deposition notices." *Reno v. W. Cab Co*., No. 218CV00840APGNJK, 2020 WL

15  5902318, *2 (D. Nev. Aug. 31, 2020).

16        As Defendants describe, the 31 topics in the notice at issue—which increase to over 450

17  topics when considering the subtopics under each topic—"essentially include every aspect of the

18  litigation for all 17 plaintiffs." (Dkt. No. 43 at 2.) In a circumstance concerning excessive

19  30(b)(6) topics, "courts do not generally engage in an item-by-item analysis to allow particular

20  topics and rule out others." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 108 (D. Nev. 2023),

21  *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK, 2023

22  WL 5035323 (D. Nev. Aug. 4, 2023). Rather, "courts generally issue a protective order

23  precluding enforcement of the notice as currently drafted without prejudice to the issuance of a

24

new notice with appropriately narrowed topics." *Id.* This Court will not parse through the proposed topics to determine which are permissible, nor should Defendant be expected to do so. "Although a Rule 30(b)(6) deposition may necessarily entail considerable preparation, the court has a duty to protect a party from being needlessly burdened." *Id.* at 107. Here, "[t]he deposition topics attempt to cover nearly every conceivable facet of this litigation, making the preparation of a thoroughly educated witness infeasible." *Alvarado-Herrera*, 344 F.R.D. at 110. Plaintiffs' "attempt to gather expansive and detailed facts through a Rule 30(b)(6) deposition notice . . . rather than from individual percipient witnesses [] is disproportionate to the needs of the case given the existence of more appropriate discovery tools and more appropriate deponents." *United States v. Nolen*, 2024 WL 4307772, *4 (E.D. Cal. Sep. 26, 2024).

As such, the Court grants Defendant's motion for a protective order. Plaintiff's 30(b)(6) notice is stricken in its entirety. Plaintiff's request of "an extension to take depositions" is denied. Plaintiff's request that the Court issue a protective order against depositions of Plaintiffs who have separately settled individual claims is denied as moot, as discovery concludes on January 31, 2025.

Lastly, as confirmed by the Parties at the hearing, other issues raised in the Joint Statement of Discovery Dispute have been resolved and are moot.

Dated this 30th day of January, 2025.

David G. Estudillo
United States District Judge