UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTHANNA SHIRLEY et al., <br><br> Plaintiff, <br> v. <br><br> WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE et al., <br><br> Defendant. | CASE NO. 3:23-cv-05077-DGE <br><br> ORDER ON MOTION TO DISMISS PLAINTIFFS THOMAS MOATS, JOSHUA BELTZ, CARLY PETERS, MARCUS SANCHEZ, AND MORGAN WINES (DKT. NO. 61) |

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs Thomas Moats, Joshua Beltz, Carly Peters, Marcus Sanchez, and Morgan Wines ("Settling Plaintiffs"). (Dkt. No. 61.)

On January 30, 2023, a group of thirteen former employees at the Washington State Department of Fish and Wildlife (WDFW) brought suit against Defendants, alleging wrongful termination. (*See* Dkt. No. 1.) "At some point in time, unknown to [the legal counsel the group of plaintiffs had retained]," the Settling Plaintiffs "resolved their claims through attorneys for a

union and attorneys or employees acting for WDFW, without consultation with, or the involvement of, the Plaintiffs' attorneys of record." (Dkt. No. 94 at 2.) In November of 2024, the Settling Plaintiffs informed their counsel that "they had settled their claims and would no longer participate in the above captioned action." (*Id*.; Dkt. No. 95 at 1–2.) "After consultation with ethics counsel, Counsel advised the Settling Plaintiffs of their obligations by email, the conflict that they had potentially triggered, and advised them to seek independent counsel." (Dkt. No. 94 at 2.) "The Settling Plaintiffs refused to remit payment pursuant to their engagement agreements and Notices of Attorney Liens were filed in this action." (*Id*.; Dkt. No. 35, *Notice of Attorney's Lien*).

On February 7, 2025, Defendants filed the instant motion to dismiss Plaintiffs Moats, Beltz, Peters, Wines, and Sanchez with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 61 at 1.) "These Plaintiffs have not appeared for depositions . . . and Plaintiffs' counsel has stated they do not intend to pursue claims in this action," Defendants state. (*Id*.) Plaintiff's counsel responded that "counsel is without authority to take a position" on the motion due to the ethics issues implicated in this unusual situation. (Dkt. No. 93 at 1.) However, they provided a response "for the neutral purpose of complying with [their] duty to advise the court as to facts or law known to [them] which may be relevant." (*Id*.) Plaintiff's counsel states that "[t]he Plaintiffs who are the objects of this Motion were advised of this Motion on February 12, 2025, and provided a copy of it, and none of them have contacted any of their counsel of record in this case in response to that advice." (*Id*.) Plaintiff's counsel further notes "that the 9th Circuit requires a violation of a court order and a finding of bad faith or willfulness before the ultimate sanction of dismissal may be imposed, and the court must consider and, if appropriate, implement less drastic sanctions before resorting to dismissal." (*Id*. at 2) (citing *Thomas v.*

*Gerber Productions*, 703 F.2d 353 (9th Cir. 1983), *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429 (9th Cir. 1996), *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217 (9th Cir. 2006)).

Plaintiff's counsel is correct that Dismissal is authorized only in "extreme circumstances" and only if the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988). At this juncture, the Settling Plaintiffs have not directly violated a court order and the Court is not, as yet, prepared to make a finding of willful bad faith. For this reason, Defendants' motion to dismiss is DENIED.

Plaintiffs Thomas Moats, Joshua Beltz, Carly Peters, Marcus Sanchez and Morgan Wines are hereby ORDERED to appear on Friday, March 28, 2025, at 10:30 a.m. to inform the Court whether they agree to be voluntarily dismissed as Plaintiffs in this action. Should Plaintiffs refuse to appear, the Court will take up the question of the sanction of dismissal once more. (The Courtroom Deputy will schedule a video hearing so the parties need not physically travel to the courthouse. Details for the video hearing will be provided to counsel to then share with Plaintiffs.)

Dated this 12th day of March, 2025.

David G. Estudillo
United States District Judge