1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RUTHANNA SHIRLEY et al., | CASE NO. 3:23-cv-05077-DGE |
| Plaintiff, | ORDER ON MOTIONS FOR CLARIFICATION AND RECONSIDERATION (DKT. NOS. 166, 167) |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE et al., | |
| Defendant. | |

This matter comes before the Court on the Parties' motions for reconsideration and clarification (Dkt. Nos. 166, 167) of two recent summary judgment orders (Dkt. Nos. 160, 161). The two orders at issue covered over one hundred claims involving more than ten plaintiffs. Accordingly, Defendant requests, "out of an abundance of caution" that the Court clarify that a number of claims were indeed dismissed. (Dkt. No. 166 at 3.) Plaintiff requests that the Court reconsider its dismissal of the Title VII and Washington Law Against Discrimination ("WLAD") claims of Plaintiffs Anderson, Cherry, DeBoer, Frady, and Lopez. (Dkt. No. 167 at 1.) Plaintiff also requests that the court reconsider the dismissal of Plaintiff Kolb's WLAD claim. (*Id*.)

ORDER ON MOTIOND FOR CLARIFICATION AND RECONSIDERATION (DKT. NOS. 166, 167) - 1

Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Defendants' motion is construed as a motion for clarification and considered thoroughly herein.

"Motions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22- 5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Plaintiff argues that the Court should not have dismissed Anderson's, Cherry's, DeBoer's, Frady's, and Lopez's claims because "Defendant's did not meet their burden to prove non-cooperation" in the accommodations/reassignment process. (Dkt. No. 167 at 3.) The accommodations process is a two-way street that is premised on "bilateral cooperation" between the employer and employee; each side is required to contribute to efforts to formulate a reasonable accommodation. *Ansonia Bd. of Educ.* v. Philbrook, 479 U.S. 60, 69 (1986) (citation omitted) ("bilateral cooperation is appropriate" in the Title VII interactive process); *E.E.O.C. v. AutoNation USA Corp.*, 52 Fed. App'x 327, 329 (9th Cir. 2002) ("This court has recognized that 'Title VII is premised on bilateral cooperation'") (quoting *Am. Postal Workers Union v. Postmaster Gen.*, 781 F.2d 772, 777 (9th Cir. 1986)). "The employee has a duty to cooperate in the accommodation process." *Kelly v. Cnty. of Orange*, 101 F. App'x 206, 207 (9th Cir. 2004).

Plaintiff argues that reassignment is not part of the search for an accommodation. Thus, because Defendants "failed to conduct employee-by-employee fact specific analysis of accommodation options *before* exploring reassignment," the Plaintiffs failure to participate in the reassignment process does not doom their claims, as reassignment is not part of cooperation in the accommodation process. (Dkt. No. 167 at 5) (emphasis added). Yet ample caselaw indicates otherwise.

In the context of the Americans with Disabilities Act ("ADA"), the Supreme Court has confirmed that a reasonable accommodation may include reassignment to a vacant position. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 403 (2002). In so holding, the Court referenced "[a]nalogous case law . . . in the context of a Title VII religious discrimination case" like the one at issue here. *Id*. Indeed, courts have consistently found that reassignment *can* serve as a reasonable accommodation under Title VII, depending on the position offered; thus, an employer's efforts to reassign an employee are part of the accommodations process and an employee's decision not to participate in the reassignment process prior to being informed of whether reassignment is an option represents a decision to cease bilateral cooperation. *See Bartholomew v. Washington*, 693 F.Supp.3d 1107, 1115 (W.D. Wash. 2023); *Strandquist v. Washington State Dep't of Soc. & Health Servs*., No. 3:23-CV-05071-TMC, 2024 WL 4645146, *3 (W.D. Wash. Oct. 31, 2024); *Scafidi v. B. Braun Med., Inc*., 713 F. Supp. 3d 1231, 1243 (M.D. Fla. 2024); *Kalsi v. New York City Transit Auth*., 62 F. Supp. 2d 745, 758–759 (E.D.N.Y. 1998), *aff'd*, 189 F.3d 461 (2d Cir. 1999). The Ninth Circuit has affirmed that for any employee who receives an *accommodation of reassignment*, a trier of fact may determine how the position compared to the previous one and whether it preserves employment status. *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen*., 781 F.2d 772, 777 (9th Cir. 1986) ("Where an

employer proposes an accommodation which effectively eliminates the religious conflict faced by a particular employee, however, the inquiry under Title VII reduces to whether the accommodation reasonably preserves the affected employee's employment status.").

In this instance, none of the Plaintiffs whose claims were dismissed finished the reassignment process—therefore, they were not informed of a potential accommodation or lack thereof which could be analyzed by a trier of fact. Frady missed the deadline for requesting reassignment (Dkt. No. 70-1 at 142) as did Cherry (Dkt. No. 70-1 at 88–89.) Allen did not seek reassignment. (Dkt. No. 115 at 1) ("I was not comfortable, nor was I able to articulate my faith in a way that would allow me the ability to move to an accommodation stage."). Likewise, Lopez did not seek reassignment (Dkt. Nos. 71 at 2; 71-1 (explaining steps to seek reassignment)); Stephen Anderson did not submit a resume for reassignment (Dkt. No. 70-1 at 76) (describing the accommodations process as "a show"); and DeBoer withdrew from the reassignment process (Dkt. No. 71 at 2–3). As the court in *United States v. California Dep't of Corr. & Rehab*., 737 F. Supp. 3d 977, 989 (E.D. Cal. 2024) recently stated, "[o]nce Defendant made it clear to a Charging Party that they would only be offered a demotion or **transfer/reassignment that would represent a change in employment status**, that individual's continued involvement in that process is immaterial as it could not result in a reasonable accommodation." Here, the Plaintiff's did not see the process through and therefore were not informed about whether a reassignment was available—the point at which continued involvement becomes "immaterial." *Rehab*., 737 F. Supp at 989.

Accordingly, Plaintiff's motion for reconsideration as to Plaintiffs Allen, Cherry, Frady, De Boer and Lopez is DENIED. Those Plaintiffs are no longer parties. (*See* Dkt. Nos. 160, 161.)

As for Kolb, Plaintiffs propose that there is a fact issue as to whether he submitted his pre-suit tort claim notice. (Dkt. No. 167 at 2.) Upon consideration of the record, the Court agrees that this is a fact question, as Kolb claims submitted his claim notice April 8, 2022. (Dkt. No. 124 at 1.) Accordingly, Kolb's WLAD claim will proceed to trial along with his Title VII claim. Plaintiff's motion for reconsideration is GRANTED as to Kolb's Title VII claim.

Defendant requests, "out of an abundance of caution" that the Court clarify that a number of claims were indeed dismissed. (Dkt. No. 166 at 3.) While the Court stated at the end of the orders which claims would proceed to trial, it did not list out all the dismissed claims. For the purpose of thoroughness, the Court hereby clarifies:

- Stephen Anderson's claims were dismissed. (*See* Dkt. No. 161 at 23) (finding that Anderson failed to participate in the reassignment process and failed to submit a resume for reassignment.) He is no longer a party.

- As to the Individual Defendants: the Court dismissed constitutional claims against the Individual Defendants in their official capacities based on sovereign immunity and found that the Individual Defendants were entitled to qualified immunity on all constitutional claims. (Dkt. Nos. 160 at 5–7, 9–12.) Plaintiffs did not plead WLAD claims against individual defendants. (Dkt. No. 26 at 48.) Title VII claims may not be raised against individuals in their individual capacities; to the extent those claims were plead, they will not proceed to trial. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)).

- As to Donald Allen, the Court confirms that the record shows he did not request an accommodation. (Dkt. No. 115 at 1–2.)

1   Additionally, the Court affirms that it did not make a summary judgment finding on the
2 sincerity of any Plaintiff's religious beliefs.  Because Defendants did not question the sincerity of
3 certain Plaintiffs religious beliefs in the briefing, the Court considered those arguments "ceded
4 *for the purposes of resolving these motions*." (*Id*. at 20.)  The Court did *not* conclude that there
5 was no question of material fact as to the bona fide nature of those Plaintiffs' beliefs; on the
6 contrary, it found that, on the record presented, a reasonable jury *could* conclude that the
7 religious objections of all plaintiffs were sincerely held.  (Dkt. No. 161 at 22.) "Although there
8 is significant evidence suggesting the beliefs of some or all of these Plaintiffs is not bona fide,
9 the Court cannot find as a matter of law that no reasonable jury could conclude that their alleged
10 religious objections were sincerely held." (*Id*.)  The sincerity of Plaintiffs' religious beliefs is a
11 fact question for the jury.

12   In sum, Plaintiff'' motion for reconsideration (Dkt. No. 167) as to Plaintiffs Allen,
13 Cherry, Frady, De Boer and Lopez is DENIED. Plaintiff's motion for reconsideration as to
14 Kolb's Title VII claim is GRANTED.

15   Dated this 23 day of May, 2025.



David G. Estudillo
United States District Judge