1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUTHANNA SHIRLEY et al.,

                    Plaintiff,

        v.

WASHINGTON STATE DEPARTMENT
OF FISH AND WILDLIFE et al.,

                    Defendant.

CASE NO. 3:23-cv-05077-DGE

ORDER ON MOTIONS IN LIMINE
(DKT. NOS. 156, 158)

This matter comes before the Court on the motions in limine filed by Defendants (Dkt. No. 156) and Plaintiffs (Dkt. No. 158).  Upon review of these motions, Defendants' response (Dkt. No. 171), Plaintiffs' response (Dkt. No. 178), and argument from the parties, the Court finds and ORDERS the following:

1. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding the doctrinal religiosity of any of Plaintiffs religious beliefs is **DENIED**.  The Court

concluded there is a genuine dispute of material fact about the bona fide nature of Plaintiffs' religious beliefs.  (Dkt. No. 161 at 21–22.)

2.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding Plaintiff's sincerity in holding their respective religious beliefs is **DENIED**.  The Court concluded there is a genuine dispute of material fact about the bona fide nature of Plaintiffs' religious beliefs.  (Dkt. No. 161 at 21–22.)

3.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any conflict between the Plaintiff's religious belief and their ability to comply with the Proclamation's vaccine requirement is **DENIED**.  This motion appears duplicative of (1) and (2).  To the extent this is an attempt to assert a Free Exercise argument, it fails.  Federal district courts in Washington have repeatedly found the Proclamation facially neutral and generally applicable, and Plaintiffs' Free Exercise claims were already dismissed.  *See Pilz v. Inslee*, No. 3:21-CV-05735-BJR, 2022 WL 1719172, at *5 (W.D. Wash. May 27, 2022), *aff'd*, No. 22- 35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023).

4.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding each Plaintiffs' notice to Defendants that the Plaintiff sincerely having held a religious belief that conflicted with their ability to comply with the Mandate is **DENIED**.  Plaintiffs must prove that they informed Defendant about the conflict between their religious beliefs and the Proclamation's vaccine requirement in order to

make out their *prima facie case*.  *See Bartholomew v. Wash.*, No. 3:23- CV-05209-DGE, 2023 WL 6471627, at *3 (W.D. Wash. Sept. 21, 2023).

5.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any Plaintiff being threatened with or subjected to an adverse employment action because they did not comply with the Mandate is **DENIED**.  Plaintiffs must prove that they suffered an adverse employment action as part of their *prima facie case*.  *See Bartholomew*, 2023 WL 6471627, at *3.

6.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any Defendant offering Plaintiff a "reasonable accommodation" is **DENIED**.  To the extent that this is relevant (*i.e.*, for Plaintiff Stutes, who *was* offered an accommodation) it is a fact question for the jury.  As to Stutes, the Court held that "[w]hether Defendant's offered a reasonable accommodation to Stutes cannot be established as a matter of law on the current record and is a fact question that must be put to a jury."  (Dkt. No. 161 at 25.)

7.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any defense to liability under Title VII or WLAD for failing to reasonably accommodate the religious beliefs of Shirley and Hone is **DENIED**.  The Court found the Shirley and Hone arbitral awards were not entitled to issue preclusion.  (Dkt. No. 161 at 16–17.)

1   8.  Plaintiffs' request that the Court exclude and prohibit Defendants from testifying

2       about, offering into evidence, arguing, or otherwise providing information regarding,

3       as to the other remaining Plaintiffs, any evidence as to undue hardship to WDFW had

4       Defendants reasonably accommodated each Plaintiff's sincerely held religious

5       belief(s) because that issue has already been fully adjudicated in the Shriley, Hone,

6       and Kave grievance arbitrations is **DENIED.**  The Court has found that the arbitration

7       awards have no preclusive effect. (Dkt. No. 161 at 16–17.)

8   9.  Plaintiffs argue that "Defendants untimely disclosed their experts' opinions, upon

9       which they rely, and have not sought relief from Fed. R. Civ. P. 37(d) automatic

10      exclusion presumption.  Defendants did not disclose their vocational or damages

11      experts that are providing opinion testimony on when each Plaintiff should have

12      become fully re-employed. They also did not timely disclose their damages expert's,

13      Beaton's opinions, to the extent he is providing calculations as to each Plaintiff's

14      backpay less wages they should have received had they not breached their common

15      law duty to mitigate their damages." (Dkt. No. 158 at 12–13.)  Defendants respond

16      that "both Beaton and Steilberg respond to Brandt's opinions and are proper rebuttal

17      witnesses," and that they were therefore timely disclosed.  (Dkt. No. 171 at 7.)

18      "Plaintiffs bear the burden of establishing damages in the first instance, and opinions

19      regarding failure to mitigate are fundamentally rebuttal opinions," Defendants assert.

20      (*Id.*)  As the Ninth Circuit recently emphasized, the sanction of Federal Rule of Civil

21      Procedure 37(c)(1) is "self-executing" and "automatic." *Key v. Qualcomm Inc.*, 129

22      F.4th 1129, 1143 (9th Cir. 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor*

23      *Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  The Court **HEREBY CONCLUDES**

24

that Beaton's and Steilberg's opinions are admissible insofar as they are responsive rebuttals; to the extent that they are not responsive to Brand's opinions, they are automatically excluded. *See* Fed. R. Civ. P. 37(c)(1).

10. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any Defendant being subjected to potential criminal or civil liability if they accommodated a Plaintiff and preserved that Plaintiff's employment status is **DENIED**. Contrary to Plaintiffs' argument, *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1225 (9th Cir. 2023) does not stand for the proposition that evidence of potential civil or criminal liability is *per se* inadmissible or irrelevant to the undue hardship defense of a state agency employer.

11. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding the argument that mandate noncompliance resulted in a Plaintiff being unable to perform one or more of their essential job functions or other job assignments identified in their position description is **DENIED**. Plaintiffs assert that: "Defendants may not claim they complied with their title VII and WLAD duties to reasonably accommodate plaintiffs' religious beliefs because they admit they did not consider changing a plaintiff's job duties in their position description, and inability to perform essential job functions is a Title II ADA defense." (Dkt. No. 158 at 14.) Whether or not Defendants complied with Title VII and the WLAD is the main issue going to trial.

12. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any ground, reason or basis for terminating each Plaintiff's continuous public employment other than Mandate noncompliance is **DENIED AS MOOT**. Defendants submit that: "[t]his potential motion was discussed at the parties meet and confer, and defense counsel subsequently confirmed with Plaintiffs' counsel, in an email, that (1) Defendant did not intend to introduce any such evidence, and (2) that this motion would not be necessary." (Dkt. No. 171 at 10.)

13. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any Plaintiff's employment history other than work-related compensation and benefits, including disciplinary action and performance reviews is **DENIED**. Plaintiffs assert that "the prejudicial effect of any negative performance evaluation or discipline outweighs any remote probative value and should be excluded." (Dkt. No. 158 at 15.)  Defendant responds that they do not intend to admit such evidence but that the motion should be denied so that, in the event Plaintiffs introduce evidence of positive performance history, Defendant may respond by cross examining witnesses and offering contrary evidence. (Dkt. No. 171 at 10.)  To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-

TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023). There is no indication this is inadmissible on all potential grounds, it may just be irrelevant or prejudicial, which should be considered at trial.

14. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding evidence of prior orders or non-operative pleadings in the case is **GRANTED**, as Defendants stated at the pretrial hearing on May 30, 2025, that they had no objection.

15. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding layperson opinions is **DENIED**. Plaintiffs vaguely submit that "the prejudicial effect of any lay opinion would outweigh its probative value." (Dkt. No. 158 at 15.) Plaintiffs do not identify any witnesses, exhibits, transcripts or examples of the type of lay opinions they are seeking to exclude. Plaintiffs do not cite any authority or otherwise provide support for this motion.

16. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding the State's Proclamations and its Office of Financial Management (OFM)'s guidance to its agencies related to exemptions to the Mandate, accommodating exemptions, or other bases supporting the Mandate is **DENIED**. Plaintiffs propose that the Proclamation and guidance should be excluded as hearsay. (Dkt. No. 158 at 15–16.) The Proclamation is not hearsay because it is not an out-of-court statement (or other assertion) that is being *introduced to prove the truth of the matter asserted*. *See* Fed. R. Evid. 801 (defining hearsay). The Proclamation is admissible not for the truth of

1    what it says but to show the legal framework within which Defendants were

2    operating. Moreover, it also likely qualifies as a self-authenticating public record.

3    *See* Fed. R. Evid. 803(8); 902(5).  Likewise, OFM guidance is not hearsay because it

4    is not an out-of-court statement (or other assertion) that is being *introduced to prove*

5    *the truth of the matter asserted*.  Moreover, Plaintiffs do not identify *what* OFM

6    guidance they want excluded; the Court will not categorically exclude all OFM

7    guidance based on this vague request.  The OFM guidance also likely qualifies as a

8    self-authenticating public record. *See* Fed. R. Evid. 803(8); 902(5).

9    17. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying

10    about, offering into evidence, or arguing that the OFM is a distinct and separate

11    juristic entity from WDFW is **DENIED**.  Plaintiffs state: "There is no functional

12    difference between WDFW, OFM, and the State. WDFW and OFM are the State's

13    two arms and the State is ultimately liable.  No effort should be allowed to distinguish

14    OFM and its Guidance from WDFW's implementation of the Mandate." (Dkt. No.

15    158 at 16.)  Yet in the same motion, Plaintiffs state: "OFM is a separate State

16    executive branch administrative agency."  (*Id.*)  This is not the proper subject of a

17    motion in limine.

18    18. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying

19    about, offering into evidence, arguing, or otherwise providing information regarding

20    any fact or conclusion that directly contradicts a found fact or conclusion drawn from

21    a found fact in any one or more arbitration is **DENIED**.  Plaintiff does not put forth

22    any further authority or explanation in support of this request.  The Court has found

23    that the arbitration awards have no preclusive effect. (Dkt. No. 161 at 16–17.)

24

19. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding the political affiliations or viewpoints of any party or witness is **GRANTED**. Evidence about political affiliations is irrelevant in this case. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence about political affiliations is irrelevant because it does not make it more or less probable that Defendants discriminated against Plaintiffs because of religion.

20. Plaintiffs' request that the Court exclude and prohibit Defendants from testifying about, offering into evidence, arguing, or otherwise providing information regarding any party's healthcare information except if a Plaintiff notified a Defendant that the Plaintiff had previously contracted COVID and had natural immunity is **DENIED**. Questions about Plaintiffs' healthcare information may be relevant to determining the sincerity and bona fide nature of Plaintiff's religious objection to the COVID-19 vaccine. For example, whether Plaintiffs have refused other vaccines for religious reasons may be a relevant inquiry. Health information that is not relevant will be excluded, as irrelevant evidence is inadmissible. *See* Fed. R. Evid. 402.

21. Defendants' motion to exclude all evidence and argument relating to prior arbitrations is **GRANTED IN PART AND DENIED IN PART**. The Court GRANTS the request to exclude the findings and conclusions of the arbitral decisions. The Court DENIES the request as to the prior testimony of declarant witnesses for impeachment

1    purposes.  .  The Court further **ORDERS** that the Parties submit a joint proposal by

2    Wednesday, June 4, 2025, that describes how they plan to address the reinstatements

3    of Shirley and Hone post-arbitration.  If the Parties cannot agree to a joint proposal,

4    they SHALL submit individual proposals.

5    22. Defendants' motion to exclude mention of, or evidence regarding, any alleged shift

6    swapping requirement or alleged requirement to remove essential functions from

7    Plaintiffs' roles is **DENIED**. If Plaintiffs successfully make out the *prima facie* case,

8    the burden shifts to Defendants to prove as to each individual Plaintiff by a

9    preponderance of the evidence either that (1) they offered Plaintiff a reasonable

10   accommodation or (2) that accommodating Plaintiff would have imposed an undue

11   hardship on the conduct of DSHS's business.  A reasonable accommodation is one

12   that eliminates the employee's religious conflict in a way that would reasonably

13   preserve that employee's employment status such as compensation, terms, conditions,

14   or privileges of employment.  A voluntary swap with a substitute with substantially

15   similar qualifications *may* be *one type* of reasonable accommodation under certain

16   circumstances.  *Groff v. DeJoy*, 600 U.S. 447, 473 (2023); *Conner v. Raver*, No. 22-

17   CV-08867-JST, 2023 WL 5498728, *6 (N.D. Cal. Aug. 24, 2023) (consideration of

18   other options is necessary under Title VII); *Smith v. City of Mesa*, No. CV-21-01012-

19   PHX-DJH, 2023 WL 8373495 (D. Ariz. Dec. 3, 2023) (consideration of alternatives

20   necessary under Title VII)  Because a voluntary shift swap may be a reasonable

21   accommodation, the Court will not exclude all mentions of shift swapping.  Likewise,

22   under certain circumstances, the adjustment of the functions of a position *may* qualify

23

24

ORDER ON MOTIONS IN LIMINE (DKT. NOS. 156, 158) - 10

as a reasonable accommodation, so the Court will not, *in limine*, exclude *all* mentions thereof.

23. Defendants motion to exclude mention of, or evidence regarding, changes in exemptions, accommodations, and COVID-19 related precautions at WDFW after Plaintiffs left is **GRANTED**.  Defendants argue: "WDFW's approach at the time of Plaintiffs' separations was—naturally—based on its understanding of COVID-19 at that time. Therefore, none of these changes in WDFW's approach are relevant to considerations for trial."  (Dkt. No. 156 at 4.)  The Court agrees. "To judge an employer's undue hardship decision based on knowledge and information developed after the fact would hold that employer to an impossible standard." *Lavelle-Hayden v. Legacy Health*, 744 F. Supp. 3d 1135, 1152 (D. Or. 2024).  In this case, to judge an employer's decisions based on decisions it made later in time with the benefit of different information would similarly hold the employer to an impossible standard and be unduly prejudicial.  *See* Fed. R. Evid. 403.

24. Plaintiffs motion to exclude or limit Plaintiffs' proposed deposition designations is not the proper subject of a motion in limine and was addressed in full at the pretrial hearing held on May 30, 2025.  Accordingly, this motion is **DENIED AS MOOT**.

In sum, Defendants' motion (Dkt. No. 156) is **GRANTED IN PART AND DENIED IN PART.**  Likewise, Plaintiffs' motion (Dkt. No. 158) is **GRANTED IN PART AND DENIED IN PART.**  Additionally, the Court **ORDERS** that the Parties submit a joint proposal by Wednesday, June 4, 2025, that describes how they plan to address the reinstatements of Shirley

and Hone post-arbitration.  If the Parties cannot agree to a joint proposal, they SHALL submit

individual proposals.

Dated this 3rd day of June, 2025.

David G. Estudillo
United States District Judge